LARRY DEL BARONE *et al. vs.* WILLIAM H. HOPWOOD *et al.*, as Town Council of Richmond.

NOVEMBER 2, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

PER CURIAM. This is a petition under the statute brought by John Carvoski, Lester J. Denning, Alfred Lapointe,

Hugh McLean, James Russo, John Sunday, Anthony Testa, Guido Ventriglia and Theodore Piowowarzyk of the town of Richmond, against the members of the town council of Richmond, acting as a board of canvassers, and seeks to have the names of the petitioners restored to the list of qualified registry voters of that town.

It appears undisputed that all of the petitioners are native-born citizens of the United States and of the State of Rhode Island; that they are over twenty-one years of age, have lived continuously in Rhode Island for more than two years and have been located in the village of Arcadia in the town of Richmond for more than six months, next preceding the time of voting. All of them registered on or before June 30, 1936, as registry voters living in Arcadia in the town of Richmond. All of the petitioners have been in their present location working under the act of the United States which provides for a Citizens Conservation Corps.

On October 29, 1936, the town council, acting as a board of canvassers, met and struck from the registry voting list the names of all the petitioners, on the sole ground, apparently, that the petitioners were prohibited by the provisions of sec. 4, art. II of the constitution of Rhode Island from qualifying as voters in that town.

The respondents, members of the town council, acting as a board of canvassers, admittedly did not comply, on October 29, 1936, with the provisions of chapter 8, section 8 of the general laws 1923, which reads as follows: "No name shall be stricken from any voting list by any board of canvassers, unless proof shall be presented to said board that such name is the name of a person not qualified to vote, or who may not be qualified according to the provisions of this title."

We think that bodies acting as boards of canvassers and registration are not entitled to strike the names of voters from the qualified voting list without receiving some proof of the disqualification of said voters. *Keenan* v. *Cook*, 12

R. I. 52, 54; *Williams* v. *Champlin*, 26 R. I. 416, 419. The failure of the town council, in the instant case, to comply with the plain provisions of this statute in this regard, precludes them, in our opinion, from raising for the first time before us, the constitutional question which they seek to present. This is particularly true when, through no fault of counsel for either party, the matter is brought before us on the day before election without adequate opportunity for counsel to completely brief, or for the court to fairly consider, the merits of the serious constitutional question involved, which is reasonably open to different interpretations. In order not to deprive any voter of his right to vote, unless it is made clearly to appear that he is legally disqualified, we prefer to decide this case upon its own particular facts and the special circumstances which confront us. Under all these circumstances, we are of the opinion that the petitioners are qualified to vote in the town of Richmond and that their names should be restored to the registry voting list as qualified electors thereon for the town of Richmond.

A decree in accordance with this opinion may be entered.

*Theodore Jaffe, Cooney & Kiernan, Marshall B. Marcus,* for petitioners.

*Harold A. Andrews,* for respondents.